# In the United States District Court for the Southern District of Georgia Brunswick Division

RACHAEL BYRD,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

2:22-cr-026-4

## ORDER

Presently before the Court are Movant Rachael Byrd's ("Byrd") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct her Sentence and the Government's Response and concession to Byrd's right to appeal. Dkt. Nos. 2708, 2735. Based on these filings, and for the reasons which follow, the Court **GRANTS in part** Byrd's 28 U.S.C. § 2255 Motion, which the Court construes as a request to file an out-of-time appeal, and **DISMISSES without prejudice** all other claims Byrd raises in her Motion. The Court **VACATES** the judgment in Byrd's criminal case and will **RE-IMPOSE** the identical sentence.

## BACKGROUND

Byrd was indicted and charged with: conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846; conspiracy to use, carry, and possess firearms in furtherance of and in relation to a drug

trafficking offense, in violation of 18 U.S.C. § 924(o); eight counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1); two counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Dkt. No. 3. Byrd's appointed attorney, Troy Marsh, filed numerous pre-trial motions on her behalf. Dkt. Nos. 293-296, 314, 463. Byrd later retained Katryna Spearman to represent her. Dkt. No. 701.

The Government notified the Court it was able to reach a plea agreement with Byrd. Dkt. No. 1198. As part of this plea, Byrd agreed to plead guilty to count one of the Indictment: conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Dkt. No. 1374 at 1. Byrd's plea agreement contained an appeal waiver, requiring Byrd to forego her right to a direct appeal, unless the Court sentenced her above the statutory maximum or above the advisory Sentencing Guidelines range the Court found or if the Government appealed the sentence. Id. at 7. I conducted a change of plea, or Rule 11, hearing with Byrd and Ms. Spearman on July 19, 2023. Dkt. No. 1373. On January 19, 2024, I sentenced Byrd to 324 months in prison. Dkt. No. 2337. Byrd did not file a direct appeal.

Byrd has now filed her § 2255 Motion to challenge her sentence and conviction. Dkt. No. 141  The Government filed a Response. Dkt. No. 2708. As relevant here, Byrd contends that she instructed Ms. Spearman to file a notice of appeal on her behalf, as Byrd wanted her sentence to be reviewed on appeal. Id. at 5.

United States Magistrate Judge Benjamin Cheesbro directed Byrd's § 2255 Motion be served on Respondent. Dkt. No. 2710. In response, the Government "concedes" that Ms. Spearman rendered ineffective assistance of counsel by failing to properly consult with Byrd regarding her appellate rights. Dkt. No. 2735. The Government recommends Byrd be allowed to file an out-of-time appeal and the Court either dismiss or hold in abeyance the remaining grounds of Byrd's § 2255 Motion. Id.

## DISCUSSION

It is well settled waiver of appeal[1] provisions in plea agreements are enforceable if the waivers are knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)); Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). Nevertheless, "[c]ounsel has a constitutionally

---

[1]   "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004).

3

imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). "Even assuming that a rational defendant would not have wanted to appeal the case, [where a defendant] expressly communicated to [her] attorney [her] desire to appeal . . . [,] Flores-Ortega mandates that the attorney conduct a specific type of consultation, informing [her] client about the advantages and disadvantages of appealing and making a reasonable effort to determine the client's wishes." Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005). It also is well settled an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. Flores-Ortega, 528 U.S. at 470, 483-86; Gaston, 237 F. App'x at 495.

Here, Byrd's plea agreement contained an appeal waiver. Dkt. No. 1374. However, the Government represents that Byrd told Ms. Spearman immediately after sentencing that she (Byrd) was unhappy with her sentence but Ms. Spearman incorrectly advised Byrd an appeal was not possible based on the appeal waiver contained in the plea agreement, which did not have any exceptions. Dkt. No. 2735 at 9. The Government states this incorrect advice

4

deprived Byrd of an appeal she would have taken otherwise and she is entitled to relief on this ground. Id.

When a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court employs these procedures to re-institute Byrd's right to appeal. Unless Byrd elects to retain her own counsel for the appeal and notifies the Court of that choice on or before April 1, 2025, the Court will appoint appellate counsel. Once Byrd has informed the Court of either her retaining counsel of her own choosing or seeking to have the Court appoint counsel for her, she will have 14 days in which to file a notice of appeal.

In light of Byrd being allowed to file an appeal, the Court declines to address the remaining claims Byrd raises in her § 2255 Motion and **DISMISSES without prejudice** these claims. United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (directing movant to raise in properly filed § 2255 motion ineffective assistance

claims not addressed by district court granting relief on lost appeal claim).

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** Byrd's § 2255 Motion, which the Court construes as a request to file an out-of-time appeal, and **DISMISSES without prejudice** all other claims Byrd raises in her Motion. The Court **VACATES** the judgment in Byrd's case, dkt. no. 2337, and will **RE-IMPOSE** the identical sentence.

**SO ORDERED**, this 17 day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA